**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| RANDEEP SINGH MANN, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 20-1337 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 20, 21, 32, 34, |
| | : | | 38, 40, 41 |
| UNITED STATES OF AMERICA, et al., | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

**Granting Plaintiff's First and Second Motions to Amend;**
**Granting Defendants' Motion to Dismiss; Denying as Moot Plaintiff's Motion for**
**Entry of Default; Granting Plaintiff's First, Second, and Third Motions to Take**
**Judicial Notice**

**I.  INTRODUCTION**

Plaintiff Randeep Singh Mann is currently incarcerated and serving a life sentence

following conviction on charges related to a bombing attack in Arkansas.  Defs.' Mot. to Dismiss

at 1–2 ("Defs.' Mot."), ECF No. 21.  Mann alleges that law enforcement officials violated his

Fifth Amendment rights by committing bribery and coercing witnesses against him, as well as

planting and fabricating evidence.  Compl. at 5, ECF No. 1.  Mann seeks relief under the

Administrative Procedure Act ("APA"), 5 U.S.C. § 702, in the form of an investigation of law

enforcement officials involved in his conviction.  Compl. at 19.  Pending before the Court are

multiple motions filed by Mann, including motions to take judicial notice[1] and motions for leave

to file an amended complaint.  Pl.'s Mot. to Take Judicial Notice, ECF No. 38; Pl.'s 2d Mot. to

---

[1] Mann has filed three motions for the Court to take judicial notice, which this Court grants, but none of those cases elucidate a change of law or alter the analysis of this case, particularly since most of the cases deal with § 1983 and *Bivens* actions, which Mann no longer pursues in his amended complaint.

Take Judicial Notice, ECF No. 40; Pl.'s 3d Mot. to Take Judicial Notice, ECF No. 41; Pl.'s Mot.

to File Am. Compl. ("Pl.'s Mot."), ECF No. 32.  The Defendants replied by filing a motion to

dismiss and multiple oppositions to the motions for leave to file an amended complaint, to which

Mann has responded in support.  The Court addresses the motions for leave to file an amended

complaint and motions to dismiss in turn below.[2]

## II.  FACTUAL BACKGROUND

Mann is currently incarcerated and serving a life sentence following conviction by a jury

in 2010 on charges related to a bombing attack in Arkansas.  Defs.' Mot. at 1–2.  Mann appealed

his conviction and was resentenced in 2012 on counts of aiding and abetting in the use of a

weapon of mass destruction, causing damage or destruction of a vehicle by means of explosives

resulting in personal injury, possession of unregistered grenades, and possession of a machine

gun.  *Id.*; *United States v. Mann*, 701 F.3d 274 (8th Cir. 2012).  Mann then filed a motion to

vacate in 2014, which was denied in 2016 as the court found that Mann had failed to raise the

issues on direct appeal and failed to make a substantial showing of the denial of constitutional

rights.  Defs.' Mot. at 2; *Mann v. United States*, No. 4:09-cr-00099 BSM, 2016 WL 4500779

(E.D. Ark. Aug. 26, 2016).  Mann, proceeding *pro se*, filed the present complaint with this Court

on May 18, 2020, against the Department of Justice ("DOJ"), Office of the Attorney General,

Office of the Inspector General ("OIG"), Office of Professional Responsibility ("OPR"),

Executive Office for United States Attorneys ("EOUSA"), Federal Bureau of Investigation

---

[2] Mann also filed a Motion for Entry of Default and for Default Judgment under Rule 55 of the Federal Rules of Civil Procedure, but the Court denies this motion as moot because the Defendants timely responded with a motion to dismiss.  *See* Mot. for Entry of Default and Default J., ECF No. 20.

("FBI"), and the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF")

("Defendants").  Compl. at 1.

In both his prior motion to vacate and now, Mann alleges that ATF agents and their

confederates planted evidence, specifically a box of grenades, in the woods near Mann's house.

*Id.* at 5.  Mann also contends that law enforcement officials engaged in bribery in relation to

fabricating evidence against him and suborned perjured testimony from multiple witnesses

against Mann.  *Id.*  As a result of those alleged acts, Mann brought claims under the APA, a

*Bivens* Claim under 28 U.S.C. § 1331, and a claim under the Federal Tort Claims Act ("FTCA"),

28 U.S.C. § 1346.  *Id.* at 4.  He asserts that the lack of investigation into the law enforcement

officials who allegedly committed egregious acts of fabricating evidence, bribery, and

subornation of perjured testimony violates his Fifth Amendment rights.  *Id.* at 5–7; Defs.' Reply

in Supp. of Mot. to Dismiss at 7 ("Defs.' Reply"), ECF No. 29.

After conceding the FTCA and *Bivens* claim, Mann's remaining claim is for relief under

the APA in the form of an investigation of the law enforcement officials involved in his arrest

and conviction.  *See* Pl.'s Resp. to Defs.' Mot. to Dismiss at 40 ("Pl.'s Resp."), ECF No. 27;

Defs.' Reply at 3; Pl.'s Surreply to Defs.' Reply in Supp. of Mot. to Dismiss ("Pl.'s Surreply"),

ECF No. 31; Suppl. to Pl.'s Surreply to Defs.' Reply in Supp. of Mot. to Dismiss ("Pl.'s

Suppl."), ECF No. 33; Defs.' Opp'n to Pl.'s Mot. for Leave to File Am. Compl. ("Defs.'

Opp'n"), ECF No. 35; Pl.'s Resp. to Defs.' Opp'n to Pl.'s Mot. for Leave to File Am. Compl.

("Pl.'s Resp. to Opp'n"), ECF No. 37; Pl.'s Resp. to Defs.' Opp'n to Pl.'s 2d Mot. for Leave to

File Am. Compl. ("Pl.'s Resp. to 2d Opp'n"), ECF No. 39.  Mann has filed two motions for

leave to amend the complaint,[3] and Defendants have filed oppositions to the motions on the grounds of futility and failure to state a claim upon which relief can be granted.[4]  *See* Pl.'s Mot.; Defs.' Opp'n at 4–7.

### III.  LEGAL STANDARDS

### A.  Motion for Leave to File Amended Complaint

Under the Federal Rules of Civil Procedure, a party is permitted to amend its complaint "once as a matter of course."  Fed. R. Civ. P. 15(a)(1).  Thereafter, a party may amend the complaint only with the written consent of the opposing party or by leave of court.  Fed. R. Civ. P. 15(a)(2).  "The grant or denial of leave to amend is committed to the sound discretion of the district court."  *De Sousa v. Dep't of State*, 840 F. Supp. 2d 92, 113 (D.D.C. 2012) (citation omitted).  However, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), which "severely restrict[s]" the court's discretion to deny leave to amend and dismiss, *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1084 (D.C. Cir. 1998) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)).  Indeed, "it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments or futility of amendment."  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citation omitted) (cleaned up).

---

[3] Plaintiff has filed two similar motions for leave to amend the complaint; for purposes of this analysis they have been grouped together.  *See* Pl.'s 2d Mot. to File Am. Compl., ECF No. 34.

[4] Defendants have filed two similar motions in opposition to Mann's motion for leave to amend the complaint; for purposes of this analysis they have been grouped together.  *See* Defs.' Opp'n to Pl.'s 2d Mot. for Leave to Am. Compl., ECF No. 36.

## B. Motion to Dismiss

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim" in order to give the Defendants fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a)(2); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The motion does not test a plaintiff's ultimate likelihood of success on the merits, but only forces the court to determine whether a plaintiff has properly stated a claim. *ACLU Found. of S. Cal. v. Barr*, 952 F.2d 457, 467 (D.C. Cir. 1991). When evaluating a Rule 12(b)(6) motion to dismiss, the court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *Cheeks v. Fort Myer Constr. Co.*, 722 F. Supp. 2d 93, 107 (D.D.C. 2010). Nevertheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means that a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555–56 (citations omitted). When the action is brought by a *pro se* plaintiff, as in this case, "the Court must take particular care to construe the plaintiff's filings liberally, for such complaints are held 'to less stringent standards than formal pleadings drafted by lawyers.'" *ACLU*, 952 F.2d at 467; *Iqbal*, 556 U.S. at 678. However, "even a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of

misconduct.'" *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

## IV.  ANALYSIS

Defendants moved to dismiss Mann's complaint on grounds that Mann's APA claim is untimely, improper, and barred by *res judicata*.  Defendants assert that Mann's claims are barred by *res judicata* because Mann has had an opportunity to present such claims and did present such claims in his earlier proceedings.  Defs.' Reply at 7–9.  Also, Defendants suggest that Mann's claims under the APA are improper because the action sought to be compelled interferes with an agency's discretion, which is not open to judicial review.  *Id.* at 4–6.  Additionally, Defendants contend that Mann's APA claims are untimely because the alleged violations have been occurring since 2009, but Mann did not file a complaint until May 18, 2020, which is past the APA six-year statute of limitations.  *Id.* at 9; Compl. at 6.

After responding, Mann sought leave to amend the complaint.  Defendants oppose Mann's motions for leave to file an amended complaint citing futility and prejudice.  For the reasons given below, Mann's motions for leave to file an amended complaint will be granted but the Defendant's motion to dismiss will be granted as well.

### A.  Motion for Leave to File Amended Complaint

When dealing with motions for leave to file an amended complaint, "[t]he grant or denial of leave to amend is committed to the sound discretion of the district court," but "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2); *De Sousa*, 840 F. Supp. 2d at 113; *Caribbean*, 148 F.3d at 1084.  Although the grant or denial of leave to amend is within the discretion of the district court, "outright refusal to grant the leave without any justifying reason appearing for the denial is . . . merely abuse of that discretion . . . ."  *Foman v.*

*Davis*, 371 U.S. 178, 182 (1962).  A court may deny a motion to amend, however, if such amendment would be futile.  *Id.*; *see also James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996).  An amended complaint is "futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss."  *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002).

In this case, after conceding the FTCA and *Bivens* claims, Mann primarily restates his APA claim in the attached proposed amended complaint.  Pl.'s Resp at 40; Pl.'s Mot. Ex. 1, ECF No. 32-1.  Taken as a whole, Mann's proposed amended complaints add little to the original complaint but, helpfully, clearly deletes the FTCA and *Bivens* claims that, as Mann describes it, were "mere surplusage" in the original complaint.  Pl.'s Resp. at 40.  As such, there is no prejudice to Defendants in freely granting leave to amend the complaint.  However, because the central claim in the original complaint is unchanged in the subsequent amended complaints, the Court will apply the arguments raised in Defendants' motion to dismiss to the same claims raised in the second complaint.

### B.  Motion to Dismiss

In this case, construing Mann's complaint in the light most favorable to him, even with particular care for his status as a *pro se* plaintiff, the Court concludes that Plaintiff's case fails to state a claim upon which relief may be granted.  Accordingly, the motion to dismiss is granted and this case is dismissed.

It is clear from the face of the original complaint as well as the amended complaints that Mann's APA claims are not redressable and improper under the APA.  Mann's claims that various components of the DOJ have failed to investigate his allegations of wrongdoing boil

down to a claim of agency inaction.  The standard by which a court reviews agency inaction is the same under both § 706(1) of the APA and the Mandamus Act, 28 U.S.C. § 1361.  *Skalka v. Kelly*, 246 F. Supp. 3d 147, 152 (D.D.C. 2017).  "The law imposes a general, but nondiscretionary, duty upon an administrative agency to pass upon a matter presented to it 'within a reasonable time,' and authorizes a reviewing court to 'compel agency action unlawfully withheld or unreasonably delayed.'"  *Id.* (quoting 5 U.S.C. § 555(b) and 5 U.S.C. § 706(1)) (internal citations omitted).  But a court is only empowered to redress agency action "unlawfully withheld" where the law makes "a specific, unequivocal command," and the requirement is for a "precise, definite act about which an official ha[s] no discretion whatever."  *Id.* (citing *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63 (2004)).  The APA makes reviewable a "final agency action," 5 U.S.C. § 704, and "the touchstone is whether the action is one the agency is '*required to take*.'"  *Skalka*, 246 F. Supp. 3d at 152 (citing *Norton*, 542 U.S. at 64 (emphasis in original)).

In *Kidwell v. FBI*, 813 F. Supp. 2d 21 (D.D.C. 2011), a case similar to this one, the court dismissed a plaintiff's claims against the FBI and the DOJ for alleged failure to investigate or prosecute supposed crimes.  In doing so, the court stated that "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion."  *Kidwell*, 813 F. Supp. 2d at 28 (internal quotation marks omitted).  The court in *Kidwell* therefore dismissed the plaintiff's claims against the FBI and DOJ for supposed failure to investigate and prosecute alleged crimes as the plaintiff could not "possibly win relief" on these claims under the APA.  *Id.*  Courts in this district have repeatedly reached the same conclusion when asked to compel similar agency investigations into alleged misconduct.  *See Wrightman-Cervantes v. Mueller*, 750 F. Supp. 76, 80–81 (D.D.C. 2010) (dismissing a plaintiff's APA and mandamus claims that sought to compel the

appointment of a special prosecutor to investigate alleged criminal conduct); *Ye v. Holder*, 624 F. Supp. 2d 121, 123 (D.D.C. 2009) (dismissing mandamus claim requesting that the court order an investigation into whether the government's criminal prosecution of the plaintiff violated the law); *Whittle v. Moschella*, 756 F. Supp. 589, 596–97 (D.D.C. 1991) (dismissing mandamus claim requesting that the FBI and DOJ reinvestigate the death of plaintiff's brother); *Gage v. U.S. Att'y Gen.*, No. 22-cv-283, 2022 WL 602451, at *1 (D.D.C. Feb. 28, 2022) (dismissing plaintiff's request to "compel the U.S. Attorney General to impanel a grand jury to investigate certain crimes" because there was no "clear, nondiscretionary duty to take such an act"); *Schlesinger v. Mukasey*, No. 08-cv-1668, 2009 WL 530350, at *1 (D.D.C. Mar. 3, 2009) (dismissing a complaint seeking to compel investigation into alleged "obstruction of justice, perjury, witness tampering and subornation of perjury" in plaintiff's criminal prosecution).

All these cases are based on *Heckler v. Chaney*, the seminal case in this sphere, in which the Supreme Court held that an agency's refusal to initiate proceedings was akin to the decision of a prosecutor in the executive branch deciding not to indict and should be presumed immune from judicial review under § 701(a)(2). *Heckler v. Chaney*, 470 U.S. 821, 832 (1985); *see also* James T. O'Reilly, *Nonreviewable Action–Effect of* Heckler *Decision*, Administrative Rulemaking § 15:2 (2021) ("Nonreviewability is the norm for agency decisions to bring enforcement action, after *Heckler*, absent a clear statutory command or some extraordinary constitutional violation. It will be an exceptional case in which the agency's decision not to enforce will be reviewable."). *Heckler* and its progeny control the resolution of this case.

In this case, like those cited above, Mann alleges that the Defendants have failed to investigate crimes against him. Compl. at 6. The defendant who responded to Mann's request with the most detail, OPR, informed Mann in 2014 that it had declined to investigate because

Mann's issues or allegations were still being litigated or could potentially be litigated, unless a court found specific findings of misconduct by DOJ attorneys or law enforcement agents.[5] Compl. Ex. 2 at 33.  OPR's primary responsibility is to investigate allegations that Department attorneys, prosecutors, and immigration judges have committed misconduct while performing their duties to investigate, litigate, or give legal advice.  71 Fed. Reg. 54,414 (Sept. 15, 2006).  OPR also investigates certain misconduct allegations involving federal law enforcement agents when they relate to a Department attorney's alleged professional misconduct.  *Id.*  The first step for OPR after receiving an allegation is to conduct an initial review of the allegations to determine whether further review is warranted.  U.S. Dep't of Just. Off. of Pro. Resp., *Attorney Professional Misconduct Matters*, https://www.justice.gov/opr/professional-misconduct (last visited Mar. 10, 2022).  This determination is based on several factors, including the nature of the allegation, its specificity, and its susceptibility to verification.  *Id.*  Most complaints received by OPR are determined not to warrant further review.  OPR's letter to Mann indicates that OPR discharged its initial review duty and exercised discretion not to conduct further investigation. Compl. Exs. 3, 7, 32.

The DOJ guidelines, which apply to all the Defendant agencies, embody substantial discretion at all steps of the investigatory and prosecutorial process.  *See* Principles of Fed. Prosecution § 9-27.200 ("If the attorney for the government concludes that there is probable cause to believe that a person has committed a federal offense within his/her jurisdiction, he/she

---

[5] OPR indicates that it is its policy to generally not investigate allegations of misconduct that "have been submitted, or could have been submitted, to the court for the court's consideration during litigation, unless the court has issued a finding of misconduct against the Department attorney."  U.S. Dep't of Jus. Off. of Pro. Resp., *Frequently Asked Questions*, https://www.justice.gov/opr/frequently-asked-questions#4-3 (last visited Mar. 10, 2022); Compl. Exs. 3, 32.

should consider whether to: Request or conduct further investigation; Commence or recommend prosecution; Decline prosecution and refer the matter for prosecutorial consideration in another jurisdiction; Decline prosecution and commence or recommend pretrial diversion or other non-criminal disposition; or Decline prosecution without taking other action."); *id.* § 9-27.220 (noting that attorneys may decline to pursue prosecution if "(1) the prosecution would serve no substantial federal interest; (2) the person is subject to effective prosecution in another jurisdiction; or (3) there exists an adequate non-criminal alternative to prosecution"). The remaining agency defendants: DOJ, Office of the Attorney General, OIG, EOUSA, the FBI, and ATF Internal Affairs, all exercise some or all of these same discretionary investigatory and prosecutorial functions.

As is demonstrated above, the decision to investigate, prosecute, or enforce is a discretionary act and is thus not redressable under the APA. *Id.*; *Kidwell*, 813 F. Supp. 2d at 28; *Heckler*, 470 U.S. at 832–33. Therefore, Mann's only claim under the APA does not survive a motion to dismiss.[6]

## V.  CONCLUSION

For the foregoing reasons, Mann's motions for leave to file an amended complaint (ECF Nos. 32 and 34) are **GRANTED**, and Defendants' motion to dismiss (ECF No. 21) is **GRANTED**, Mann's motions to take judicial notice are **GRANTED** (ECF. Nos. 38, 40, and 41), and Mann's motion for entry of default is **DENIED AS MOOT** (ECF No. 20) as described herein. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

---

[6] Defendants also raised arguments in their motion to dismiss that the Plaintiff's case is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), that it is barred by *res judicata*/claim preclusion, and that it is untimely under the APA, but the Court need not reach these arguments.

Dated:  March 24, 2022                                    RUDOLPH CONTRERAS
                                                          United States District Judge