**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| RANDEEP SINGH MANN, | : | | |
| | : | | |
| *Plaintiff*, | : | Civil Action No.: | 20-1337 (RC) |
| | : | | |
| v. | : | Re Document No.: | 44 |
| | : | | |
| UNITED STATES OF AMERICA, *et al.*, | : | | |
| | : | | |
| *Defendants*. | : | | |

**MEMORANDUM OPINION**

**DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

## I. INTRODUCTION

After this Court granted Defendants' motion to dismiss, Plaintiff Randeep Singh Mann timely filed a motion requesting that the judgment be altered or amended pursuant to Federal Rule of Civil Procedure 59(e). Mann argues this Court made an error that resulted in an injustice when it dismissed the action for failing to state a claim upon which proper relief may be granted. Mann brings forward multiple points, however, none are persuasive. Some of them restate arguments presented in his original complaint already answered by this Court in the March 24, 2022 Judgment. Others are new arguments unrelated to the basis of the challenged holding that this Court is not required to analyze in a motion to alter judgment.[1] Because Mann has not shown an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice, the motion will be denied.

---

[1] Considering Mann's *pro se* status, however, this Court will analyze the pertinent new arguments he presents.

## II.  FACTUAL BACKGROUND

The Court already described the facts of this case, *see Mann v. United States,* No. 20-cv-1337, 2022 WL 888181, at *1 (D.D.C. Mar. 24, 2022), and will therefore recite only the most relevant facts to the pending motion here.  Plaintiff Randeep Singh Mann brought suit against the Department of Justice ("DOJ"), Office of the Attorney General ("AG"), Office of the Inspector General ("OIG"), Office of Professional Responsibility ("OPR"), Executive Office for United States Attorneys ("EOUSA"), Federal Bureau of Investigation ("FBI"), and the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") (collectively, "Defendants").  Compl. at 1, ECF No. 1.  Mann believes that these agencies violated his Fifth Amendment rights by fabricating evidence, paying bribes, and suborning testimony, among other egregious acts that led to Mann's arrest and conviction.  *Id.* at 5.  Mann argued *pro se* that the DOJ was unlawfully withholding an investigation into the federal officials involved in his conviction.  *Id.* at 6.  He requested relief under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, asking this Court to order the defendant agencies to investigate their officials' conduct and to be presented with a report thereof.  *Id.* at 19.

Defendants filed a motion to dismiss, which this Court granted on March 24, 2022.  Mot. to Dismiss, ECF No. 21; Memorandum Opinion ("Op."), ECF No. 43.  This Court dismissed Mann's claims for failing to state a claim upon which relief may be granted because discretionary decisions, like the investigation of federal officials surrounding a criminal conviction, are not redressable under the APA.  Op. at 9.  Mann now asks this Court to alter its March 24, 2022 Judgment, and Defendants oppose Mann's motion.  *See* Pl.'s Mot. Alter J. ("Pl.'s Mot."), ECF No. 44; *see* Defs.' Mem. in Opp'n of Pl.'s Mot. Alter J. ("Defs.' Opp'n"), ECF 45; *see* Pl.'s Reply to Opp'n ("Pl.'s Rep."), ECF No. 47.

### III.  LEGAL STANDARD

A motion under Rule 59(e) is "disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (citing *Anyanwutaku v. Moore,* 151 F.3d 1053, 1057 (D.C. Cir. 1998)); *see also Ciralsky v. CIA,* 355 F.3d 661, 671 (D.C. Cir. 2004).  Granting a Rule 59(e) motion "is discretionary and [the motion] need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotation marks and citation omitted); *see also Solomon v. Univ. of S. Cal.*, 255 F.R.D. 303, 304 (D.D.C. 2009).

In the Rule 59(e) context, "clear error" is "a very exacting standard," *Bond v. U.S. Dep't of Justice*, 286 F.R.D. 16, 22 (D.D.C. 2012) (quoting *Lightfoot v. District of Columbia*, 355 F. Supp. 2d 414, 422 (D.D.C. 2005)), tantamount to a requirement that the judgment be "dead wrong," *Lardner v. FBI*, 875 F. Supp. 2d 49, 53 (D.D.C. 2012) (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)).  "Manifest injustice" on the other hand, requires a demonstration not only of "clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law." *Slate v. Am. Broad. Cos.*, 12 F. Supp. 3d 30, 35–36 (D.D.C. 2013).  Newly available evidence is "evidence that is newly discovered or previously unavailable despite the exercise of due diligence." *Niedermeier*, 153 F. Supp. 2d at 29.  Newly available evidence excludes "relevant facts … known by the party prior to the entry of judgment [where] the party failed to present those facts." *Id.* (collecting cases); *see also S.E.C. v. Bilzerian*, 729 F. Supp. 2d 9, 15 (D.D.C. 2010) (denying movant Rule 59 relief

because "[t]he evidence [the movant] alludes to is not newly available; it is simply newly received [by the court]").

Rule 59(e) affords no opportunity for the parties to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Niedermeier*, 153 F. Supp. 2d at 28 (citation and internal quotation marks omitted); *see also New York v. United States,* 880 F. Supp. 37, 38 (D.D.C. 1995) ("A Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled."). The party seeking reconsideration bears the burden of establishing that relief is warranted. *Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 2d 216, 226 (D.D.C. 2011).

## IV.  ANALYSIS

Mann claims that relief under 59(e) should be granted because this Court has allegedly made a "prejudicial error of law" that resulted in injustice.  Pl.'s Mot. at 2, ¶ 7.  Alternatively, Mann requests that this Court certify a question for appellate review.  The Court denies the reconsideration motion because Mann's arguments are not successful in challenging the critical flaw of his claim: he seeks relief from a discretionary agency decision that is immune from judicial review under the APA.  Op. at 9.  As this Court held in the challenged opinion, and as noted by Defendants in their opposition, for a court to be able to grant relief of agency inaction under the APA, the illegally withheld action needs to be one that the agency is *required* to take. Op. at 9; Defs.' Opp'n at 5.  Mann has not directed this court towards any evidence that suggests that, despite the controlling case law, the DOJ is required in a non-discretionary and specific manner to investigate the federal officials surrounding Mann's arrest and conviction or to respond to citizen's formal complaints.  In addition, the certified question request is not proper on a final order like a motion to dismiss and will not be granted.

### A. Allegedly Incomplete Record

First, Mann argues that the "record is undeniably incomplete," Pl.'s Mot. at 2, ¶ 8,

because there is no documentation attesting how each of the components of the DOJ exercised

their discretion and "[n]either of the defendants have explained what actions the agency is

required to take," Pl.'s Rep. at 4–5, ¶¶ 15–17 (internal quotations omitted).  However, the basis

of dismissal was that Mann did not state a claim under which relief may be granted.  Even

assuming the factual allegations in the complaint to be true, it is enough to dismiss his claim that

the relief sought by Mann is not redressable under the APA.[2]  Despite Mann's assertions, it was

not necessary to have a factual record attesting to the conclusions of the agencies' investigations

because the agencies were not required by law to investigate at all.

Furthermore, the documents attached to the complaint *do* show that Mann received a

response from every defendant agency except the FBI.  Exs. 11, 15 of Compl., ECF No. 1-2

(DOJ); Exs. 15, 38 of Compl. (explaining that the AG's office forwarded his letter to the

corresponding agencies); Ex. 16 of Compl. (OIG); Exs. 3, 7, 32 of Compl. (OPR); Exs. 2, 29 of

Compl. (EOUSA); Ex. 38 of Compl. (ATF); Ex. 27 of Compl. (Criminal section of the DOJ).  As

to the FBI, neither Mann nor the DOJ Manual suggest[3] that this agency is required to respond to

---

[2] Relatedly, Mann argues that the typical federal summary judgment standard does not apply to this case.  Pl.'s Rep. at 3, ¶ 9 (first citing *Loma Linda Univ. Med. Ctr. v. Sebelius*, 684 F. Supp. 2d 42, 52 (D.D.C., 2010); then citing *Sierra Club v. Mainella*, 459 F. Supp. 2d 76, 89-90 (D.D.C. 2006); and then citing *Bloch v. Powell*, 227 F. Supp. 2d 25, 31 (D.D.C. 2002)).  He is correct.  But the order Mann is challenging is a motion granting dismissal for failure to state a claim, not a motion granting summary judgment.  The arguments Mann presents for applying a particular summary judgment standard do not affect this Court's reasoning in dismissing his claim.

[3] Mann did cite to the United States Attorney Manual ("U.S.A.M."), "U.S.A.M., 9-42-130."  Pl.'s Mot. at 12, ¶ 36.  However, the U.S.A.M. was replaced by the Justice Manual in 2018 and this Court was not able to locate the cited provisions in either the Justice Manual or the most recent version of the U.S.A.M.  Department of Justice Archives, United States Attorney's

each formal citizen complaint they receive.  If the Defendant agency is not legally required to reply to Mann's request, the lack of such a reply in the record bears no significance to this Court's March 24, 2022 decision.

## B.  Decision Allegedly Goes Against Evidence and Law

Mann's belief that the Court's decision constituted an error of law warranting reconsideration is based on a misunderstanding of the relevant legal standards.  Mann misconceives the discretionary nature of a prosecutor's decision to investigate, the standard for summary judgment and dismissal, the criminal nature of his past judicial proceedings in contrast to the civil nature of the present one, and the scope of relief under the APA.

Initially, Mann argues that *Heckler v. Chaney*, 470 U.S. 821, 832 (1985), did not control because it discussed the prosecutorial powers before prosecution was initiated; suggesting that because the DOJ had prosecuted Mann, this case was not governed by case law that discussed a pre-prosecutorial stage.  Pl.'s Mot. at 13, ¶¶ 37–38.  The decision to prosecute Mann is independent from the decision to prosecute or investigate the federal officials involved in his arrest, which is governed by the Supreme Court's holding in *Heckler v. Chaney*.[4]  Op. at 9. Relatedly, Mann also argues that the decision goes against the weight of the evidence included in the written requests he sent to the DOJ components.  Pl.'s Mot. at 1, ¶ 2; *id.* at 4, ¶ 3.  Evidence of the alleged misconduct of the federal officials does not change the discretionary nature nor specificity of the agency action sought.[5]

---

Manual, https://www.justice.gov/archives/usam/united-states-attorneys-manual (December 7, 2018).

[4] A prosecutor's refusal to investigate should be presumed immune from judicial review. *Heckler*, 470 U.S. at 832.

[5] Mann also asserts that the Federal Torts Claim Act ("FTCA") discretionary function exception should not apply in this case.  Pl.'s Mot. at 8, ¶ 21 (citing *Loumiet v. United States*, 828 F.3d 935, 943 (D.C. Cir. 2016)); *id.* at 11, ¶ 29 (citing *Limone v. United States*, 579 F.3d 79,

Then, Mann argues that once the DOJ prosecuted him, the decision to investigate the

federal officials involved in his arrest stopped being discretionary. Pl.'s Mot. at 2, ¶ 5(b); *id.* at

6, ¶ 12. Mann cited the Take Care clause and the legislative intent behind the Due Process

Protections Act of 2020. Pl.'s Mot. at 1, ¶ 1; *id.* at 5, ¶ 8. Understood in its best light, this is an

attempt to suggest either that the DOJ always has a duty to prosecute or that it has the

responsibility to ensure that every prosecution is constitutional. As to the first assertion, both the

Take Care clause and legislative intent behind the Due Process Protections Act are general

propositions of law that do not take away the DOJ's discretion to investigate, nor make it

specific enough to make it redressable under the APA. As to the second assertion, although it is

true that the DOJ components are required to observe the Constitution, that duty is not

necessarily tied to mandatory investigations of their own officials. The applicable case law and

DOJ Manual provisions all indicate that the prosecutorial powers, including investigatory

prerogatives, are within the discretion of the DOJ. Op. at 4, 6, 8.

Additionally, Mann alludes to the cases *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v.

United States*, 405 U.S. 150 (1972), *Kyle v. Whitley*, 514 U.S. 419 (1995) and *Jencks v. United

States*, 353 U.S. 657 (1957), suggesting that the agencies were "deviating from established

agency policies, regulations and directives." Pl.'s Rep. at 6, ¶ 21. All those cases discuss the

production of evidence by the prosecution during a criminal trial. Mann is not currently being

prosecuted by the DOJ, and the motion before this Court is of a civil nature. The cited precedent

involves constitutional rights for criminal defendants, whereas here Mann is seeking the

---

101 (1st Cir. 2009)). As Mann correctly pointed out, "[t]his is not an FTCA claim." Pl.'s Rep.
at 4, ¶ 14. The FTCA discretionary function exception is not being applied in this case. Op. at 3.
The only claim that this Court reached was the APA claim. *Id*. The discretionary nature of the
DOJ's decision to investigate is relevant to this case not because of the FTCA's discretionary
function exception but because of the case law regarding the APA.

investigation and potential prosecution of other individuals.  Thus, the mentioned cases regarding the production of evidence in a criminal prosecution are out of place in a civil context.

Next, Mann cites multiple cases that discuss the APA.  Among them were: *F.C.C. v. Fox Television Stations, Inc.*, 556 U.S. 502 (2009); *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29 (1983); *Nat'l Ass'n of Home Builders v. Norton*, 340 F.3d 835 (9th Cir. 2003); and *Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281 (1974).  Pl.'s Rep. at 3–4, ¶¶ 10–11.  All of these cases discuss the legal standard of review for government *action* under the APA.  Mann's request for investigation relates instead to an agency *inaction*.  But as the Court previously explained, "a court is only empowered to redress agency action 'unlawfully withheld' where the law makes 'a specific, unequivocal command,' and the requirement is for a 'precise, definite act about which an official ha[s] no discretion whatever.'"  Op. at 8 (quoting *Skalka v. Kelly*, 246 F. Supp. 3d 147, 152 (D.D.C. 2017)).

Afterward, Mann urges this Court to reinterpret his original request to order Defendants to investigate and report the findings, as a request to "order defendants to exercise [their] own jurisdiction."  Pl.'s Mot. at 11, ¶ 29.  Neither request for relief is redressable under the APA as they are both for actions within the discretion of each of the DOJ components.  Op. at 9.

## C.  Certified Question

Finally, Mann requests that this Court certify a question for the "appellate Court . . . to address the controlling question of law included within a certified order."[6]  Pl.'s Mot. at 14, ¶ 41.  A district court judge shall certify the review of an interlocutory order when they believe there is

---

[6] Mann proposed the following question: "Can an enforcement agency continue to shield itself under the discretionary function exception, especially when it has initiated a criminal conviction into the circumference of the issue his or her complaint raises to the agency?  Or discretion has terminated the moment a criminal conviction was terminated?"  Pl.'s Mot. at 14, ¶ 41.

1) "a controlling question of law" with 2) "substantial ground for difference of opinion" and 3) "an immediate appeal from the order may materially advance the ultimate termination of litigation." 28 U.S.C. § 1292(b).  Here, the request to certify the order for interlocutory review is denied because Mann does not challenge an interlocutory order.  Mann is within his legal right to appeal the present decision if he wishes, but the request to certify interlocutory review of a final decision, like the dismissal of all claims against all parties, is not proper.  *See* Fed. R. App. P. 4(a).

## V.  CONCLUSION

For the foregoing reasons, Plaintiff's motion to alter the judgment is **DENIED**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  August 28, 2022                                    RUDOLPH CONTRERAS

                                                                              United States District Judge